## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

STEPHEN LOUIS SHERMOND BUFORD                                                PLAINTIFF
ADC # 116840

v.                                              4:24CV00778-BRW-JTK

WELL PATH, et al.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.     Introduction

Stephen Louis Shermond Buford ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983 as well as a Motion to Proceed In Forma Pauperis, which the Court will grant by separate Order. (Doc. Nos. 1, 2). The Court must screen Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA").

As explained below, Plaintiff's Complaint is duplicative of his claims in an earlier-filed lawsuit that is still pending. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   Discussion

Plaintiff filed this § 1983 lawsuit against Wellpath and Nurse Sharon Rollans, who Plaintiff identified as a Wellpath employee, in their personal and official capacities. (Doc. No. 2 at 1-2, 5). Plaintiff's statement of claims reads:

> On February 28, 2022 I was assaulted by two (2) correctional officers. Nurse Sharon Rollans responded to the call for medical assistance. She had arrived to the scene and told the correctional officers that she could not clearly examine my bleeding head injury because of the poor lighting in the cell. She asked the correctional officers can they escort me to the treatment room. They agreed. While I was being escorted to the treatment room, I was arguing with one of the officers. He then said "You're going back to your cell." He then started escorting me back to my cell. On the way back to my cell the correctional officers started assaulting me again while Nurse Rollans stood there watching the attack. I was beaten unconscious. Once I gained consciousness I was back in my cell with new injuries on my face (a busted and bleeding chin) along with my bleeding head injury. Sharon Rogers is employed by Wellpath.

(Id. at 3). Plaintiff says he was in handcuffs when the officers assaulted him. (Id. at 6). He seeks damages in the amount of $250,000. (Id. at 4).

Plaintiff pointed out that he was "refiling a case that [he] voluntary[il]y dismissed." (Id. at 7). Plaintiff made these same allegations in Buford v. WellPath, 4:23-cv-00443-KGB (E.D. Ark.) (filed May 11, 2023). After Wellpath and Nurse Rollans filed a Motion for Summary Judgment on the merits in that case, Plaintiff filed a Motion for Voluntary Dismissal. (Id. at Doc. Nos. 20, 24). United States Magistrate Judge Edie R. Ervin has recommended that Plaintiff's Motion be granted. (Doc. No. 25). But United States District Judge Kristine G. Baker has not yet ruled on Judge Ervin's Recommendation; the Recommendation remains pending (Id.). As such, Plaintiff's claims remain pending in Buford v. WellPath, 4:23-cv-00443-KGB (E.D. Ark.)—the case has not been dismissed. Because the claims Plaintiff brings in this lawsuit are currently pending in an earlier-filed case, the lawsuit at hand should be dismissed.

The Court notes that Plaintiff also brought claims related to the February 28, 2022 incident—including allegations against Defendant Rollans—in Buford v. Brown, 4:22-cv-01212-LPR (E.D. Ark.) (filed Dec. 5, 2022). Plaintiff's Motion to Dismiss in that case was granted on April 26, 2023. (Id. at 29, 31, 32).

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice as duplicative of an earlier-filed case; and

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 19th day of September, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE